Reese J.
delivered the opinion of the court
*255 In the charge of the circuit judge, we find two propositions which we deem erroneous:
1. That on account of the privity between endorser and en. dorsee, the law presumes the endorsee to know the residence of the endorser, to remove which presumption he must prove himself ignorant of it.
2. That no diligence of inquiry, on the part of the notary public, as the agent of the endorsee, which does not result in correct information, can remove the presumption spoken of, or be accounted the diligence of the plaintiffs, the endorsers.
The second proposition results as a conclusion, from the first; for if the law upon the grounds of privity or relation between endorser and endorsee, creates a presumption of knowledge of residence, which can only be' removed by proof of ignorance on the part of the endorsee, no ignorance on the part of the notary public, or indeed other agents of the en-dorsee, and no diligence in search of correct information can prove such ignorance on the part'of the endorsee, or even tend to prove it. Indeed, if the law presumes knowledge, diligent inquiry by the endorsee himself, would not prove his ignorance. To require of the plaintiffs, the endorsees, proof to rebut this supposed presumption in law, of knowledge, by establishing the negative fact, that they did not know, is requiring what in the nature of things cannot be made out in testimony, without much difficulty, if at all. We take the rule to be, that if the notice be not directed to the post office nearest to the residence of the endorser, or at which he is in the habit of transacting his business, the endorsee must prove that upon diligent inquiry made, he was unable to ascertain the residence correctly, and that he proceeded upon the best information which he could procure. This business can like others, be conducted by agents; and the notary public, if he assume it, is as proper an agent as any others, for such purpose. As this upon principle appears to us to be so, it is maintained by authority also. In the case of Chapman vs. Lipscombe, 1 John. R. 294, the clerk of the notary inquired at the banks and elsewhere, and was informed that the drawers lived at Norfolk; the notices were sent there; in fact they lived in Petersburg. It was held to be sufficient,. The *256 court in that case, in effect, deny both the propositions. As to -the first, instead of finding the" plaintiff in that case with a presumption of knowledge, the court say, there is no evidence that the plaintiff knew that the defendants resided at Peters-burgh; and as to the other proposition, the case having shown that the plaintiff was absent from New York, and that the clerk of the notary alone made inquiries, the court, speaking of the plaintiff says, “he inquired at the banks andblsewherer He sent a nolice, &c. He has used due diligence,” distinctly connecting the acts of the notary’s clerk with the holder, imparting them to him. The grounds taken by us in this case, áre maintained in the cases of Dunlap vs. Thompson and Drennen, 5 Yerger’s Rep. 67, and Nichol and Hill vs Bates, 7 Yerger’s R. 305. It is important that the principles which regulate the negotiability of commercial paper, and determine the liabilities of parties to it, should be placed upon distinct' and certain ground;, and when go placed, should not be readily disturbed. If in a community like ours, with a mail and post office establishment daily increasing and subject to frequent changes, extending from time to time, its ramifications into every minute subdivision of the country, it were to be held, that the law presumes the endorsee to know the residence of the endorser, and of course also, the post office nearest to him, from which presumption, he could free himself in no other way than by proving his ignorance, the negotiability of bills and notes must practically terminate. The judgement must be reversed, and a new trial be had.-
Judgment reversed.